The Honorable Paul B. Benham, Jr. State Senator P.O. Drawer 477 Marianna, AR 72360
Dear Senator Benham:
This is in response to your request for an opinion concerning the sale of the Lee Memorial Hospital at Marianna, Arkansas. According to your correspondence, the hospital was closed two years ago. The County apparently has an opportunity to sell the hospital, and the following question is posed:
 Since the hospital has not been operated, as such for a period of two years, and is completely and totally dead-weight insofar as the county is concerned, would it be possible for the Quorum Court to negotiate this deal and have the hospital re-opened as a source for the delivery of health care to the citizens of Lee County? Also, can we do this without going to the expense of a county-wide election? We are not selling an operating hospital, but merely the ground and building that once housed a hospital for the county.
Arkansas Code of 1987 Annotated 14-16-105 must be considered in response to this question. This Code section sets forth procedures for the sale of county property. Subsection (g), which is the codification of Act 448 of 1987, states in pertinent part:
 County hospitals constructed and maintained in whole or in part by taxes approved by the voters shall not be sold unless the sale is approved by the majority of electors voting on the issue at a general or special election.
A.C.A. 14-16-105(g) (Supp. 1989).
It is my opinion that the subsequent closure of the hospital does not remove it from the above election requirement if the facility was "constructed or maintained in whole or part by taxes approved by the voters." Section 14-16-105(g) (Supp. 1989) does not appear to be limited to sales of operating hospitals. This distinction would, in my opinion, require further legislative clarification.
We cannot, in the absence of more information, make a conclusive determination with regard to Lee Memorial Hospital. The above will, however, hopefully offer general guidance. You state in your correspondence that "[w]e are advised that the county cannot sell the hospital without submitting it to a vote by the people." It is my opinion that this advice is correct if the construction or maintenance of the hospital was funded in whole or in part by taxes approved by the voters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.